**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

WAYNE RICHARD APOTOSKY, 17235-055,

           Petitioner,

     v.

                                  09-CR-0166A

UNITED STATES OF AMERICA,          **DECISION AND ORDER**

           Respondent.

_____

Petitioner Wayne Apotosky is currently serving a 151-month sentence imposed by this Court after his plea of guilty to a two-count information alleging violations of 18 U.S.C. § 2252(a)(4)(B).  On March 8, 2016, the Court dismissed Petitioner's first § 2255 petition as untimely.  *See* 28 U.S.C. § 2255(f); Docket No. 66.  The Second Circuit then denied Petitioner's motion for a certificate of appealability.  *See* Docket No. 71 (Mandate).

Petitioner has now filed a "Motion to Dismiss Information Pursuant to the Interstate Agreement on Detainers Act."  Docket No. 72.  Petitioner asserts that "the Government willfully violated [his] right[s]" under the anti-shuttling provisions of the Interstate Agreement on Detainers (IAD).  For the reasons stated below, the Court construes Petitioner's motion as a second-or-successive § 2255 petition.  The Court will therefore transfer the motion to the Second Circuit.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the ability of federal prisoners to file "second or successive" habeas petitions by requiring prisoners to obtain authorization from the appropriate Court of Appeals before doing so.  *See* 28

U.S.C. § 2255(h).  Two § 2255 petitions are not "successive" for purposes of § 2255(h) "merely because they are both brought by the same prisoner.  Rather, to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction."  *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003).  Moreover, the fact that a court dismissed a prisoner's prior § 2255 petition does not necessarily make a subsequent habeas petition "second or successive" within the meaning of § 2255(h).  Instead, "a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated *on the merits*."  *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) (emphasis in original).  As is relevant here, dismissal of a § 2255 petition as untimely is an "adjudication on the merits."  *Id.* at 63.  Thus, the Court's dismissal of Petitioner's first § 2255 petition as time-barred is "an adjudication on the merits," triggering AEDPA's second-or-successive gatekeeping requirements.

Petitioner correctly notes that a claim asserting a violation of the IAD is not cognizable under § 2255.  *See Edwards v. United States*, 564 F.2d 652, 653-54 (2d Cir. 1977).  But whether or not Petitioner can use § 2255 as a vehicle for making an IAD claim, his IAD motion still, "in a broad sense, represent[s] a second attack . . . on the same conviction" at issue in Petitioner's first § 2255 petition.  *Vasquez*, 318 F.3d at 390. The Court therefore construes Petitioner's IAD motion as a second-or-successive § 2255 petition.[1]

---

[1]  If Petitioner believes the Court erred in recharacterizing his IAD motion as a second-or-successive § 2255 petition, he may "challenge the transfer" at the Second Circuit "by moving to retransfer the matter to the district court."  *Marmolejos v. United States*, 789 F.3d 66, 69 (2d Cir. 2015).  Moreover, because Petitioner has filed a previous § 2255 petition that has been dismissed on the merits, he is already subject to § 2244's gatekeeping requirements.  Thus, the Court need not provide Petitioner with notice that the Court is converting his IAD motion to a second-or-successive habeas petition.  *See Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004).

Before the Court may consider the merits of Petitioner's converted IAD motion, he must first move in the Second Circuit for "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A).  Pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer Petitioner's IAD motion to the Second Circuit so that that court may first consider whether Petitioner has satisfied the requirements of § 2244. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

**SO ORDERED.**

Dated: November 23, 2016          _s/Richard J. Arcara_____
      Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                UNITED STATES DISTRICT JUDGE