**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

WAYNE RICHARD APOTOSKY, 17235-055,

            Petitioner,

   v.
                                          09-CR-0166A

UNITED STATES OF AMERICA,        **DECISION AND ORDER**

            Respondent.

_____

On November 14, 2016, Petitioner Wayne Apotosky filed a "Motion to Dismiss Information Pursuant to the Interstate Agreement on Detainers Act."[1] Docket No. 72. Petitioner asserts that "the Government willfully violated [his] right[s]" under the anti-shuttling provisions of the Interstate Agreement on Detainers (IAD). The Court construed Petitioner's motion as a second-or-successive petition filed pursuant to 28 U.S.C. § 2255 and, accordingly, transferred the motion to the Second Circuit. See 28 U.S.C. § 2255(h); 28 U.S.C. § 1631. See also Docket No. 73 (Transfer Order).

The Second Circuit has since transferred Petitioner's motion back to this Court, noting that this Court's "denial of Petitioner's first § 2255 motion did not render the adjudication of that motion final for purposes of the successive rules." Docket No. 74 (Mandate) at 2. Rather, the Second Circuit noted, Petitioner's first § 2255 petition was not "final" until the time expired for him to seek a writ of *certiorari*. (That time expired on December 6, 2016, see id. at 1, but the Court transferred Petitioner's IAD motion

---

[1] The Court considers Petitioner's motion to have been filed on the date he signed the motion. See *Johnson v. Coombe*, 156 F.Supp.2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.") (quotation marks and brackets omitted).

1

approximately two weeks earlier.) Petitioner's IAD motion is, then, not a second-or-successive § 2255 petition within the meaning of 28 U.S.C. § 2255(h). *Id.* at 2. However, as the Second Circuit did, the Court construes Petitioner's IAD motion as a second § 2255 petition. *See id.* at 1.

"[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002).

Doing so here, it appears that Petitioner's second § 2255 motion must be dismissed as untimely. The Court dismissed Petitioner's first § 2255 petition as untimely under 28 U.S.C. § 2255(f). *See* Docket No. 66. Petitioner's second § 2255 petition, construed as a motion to amend his first § 2255 petition, cannot "relate[] back" to Petitioner's original § 2255 petition, Fed. R. Civ. P. 15(c), as "the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). *See also id.* (noting that, in such a case, "there is no pleading to which to relate back"). But even if the Court found that Petitioner's second § 2255 petition related back to his first § 2255 petition, given that his first § 2255 petition was untimely, his second § 2255 petition would likewise be untimely under 28 U.S.C. § 2255(f). *See Martinez v. United States*, Nos. 10 Civ. 1398(NRB), 05 Cr. 773(NRB), 2012 WL 1155127, at *1 (S.D.N.Y. Apr. 4, 2012).

Nonetheless, given Petitioner's *pro se* status, the Court will allow Petitioner an opportunity to demonstrate why his IAD motion (which, as noted, the Court construes as

a motion to amend his original § 2255 petition) should not be dismissed as untimely. Petitioner should file any response on or before June 30, 2017.

**SO ORDERED.**

Dated: May 31, 2017                     _s/Richard J. Arcara_
    Buffalo, New York               HONORABLE RICHARD J. ARCARA
                                                               UNITED STATES DISTRICT JUDGE