**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

WAYNE RICHARD APOTOSKY, 17235-055,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

09-CR-0166A
**DECISION AND ORDER**

_____

On May 31, 2017, the Court directed Petitioner to show cause why the Court should not dismiss as untimely Petitioner's "Motion to Dismiss Information Pursuant to Interstate Agreement on Detainers Act." *See* Docket No. 75. Petitioner's motion asserts that the Government "willfully violated [his] right[s]" under the anti-shutting provisions of the Interstate Agreement on Detainers (IAD).

In its May 31 Order, the Court noted that it would, as the Second Circuit did (Docket No. 74), construe Petitioner's IAD motion as a second § 2255 motion. The Court also advised Petitioner that, because he had filed his second § 2255 motion before his first § 2255 motion had become "final," the Court would construe Petitioner's second § 2255 motion as a motion to amend his first § 2255 motion. *See Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion.") And, finally, the Court advised Petitioner that, after construing his second § 2255 motion as a motion to amend his first § 2255 motion, "it appears that [the] second § 2255 motion must be dismissed as untimely." Specifically, the Court noted that Federal Rule

1

of Civil Procedure 15(c)'s "relation back" rule "is inapplicable when," as in this case (Docket No. 66), "the initial habeas petition was dismissed." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). *See also id.* (noting that, in such a case, "there is no pleading to which to relate back"). However, given that Petitioner is proceeding *pro se*, the Court provided him with an opportunity to show cause why his IAD motion should not be dismissed as untimely. Petitioner has filed a response. *See* Docket No. 78.

Petitioner's response does not show why his IAD motion is timely. As noted, the Court dismissed Petitioner's first § 2255 motion as untimely pursuant to 28 U.S.C. § 2255(f). Because Petitioner's first motion was dismissed, "there is no pleading to which" Petitioner's second § 2255 motion can "relate back," pursuant to Rule 15(c). *Garvin*, 219 F.3d at 114. Petitioner's second § 2255 motion is "therefore untimely." *Id.*

To the extent Petitioner argues that his second § 2255 motion is timely because "he is factual innocent" (sic) or because he is "entitled to equitable tolling" (Docket No. 78 at 2), Petitioner's motion must still be denied. The Court previously rejected Petitioner's actual-innocence argument (Docket No. 66 at 2 n.2), and Petitioner's new actual-innocence argument is far less detailed and no more persuasive than his first. Likewise, Petitioner's equitable tolling argument, even when read in a charitable light, does not demonstrate that "extraordinary circumstances prevented him from filing his petition on time." *Rivera v. United States*, 448 F. App'x 145, 146 (2d Cir. 2011) (quotation marks omitted).

## CONCLUSION

For the reasons stated above, Petitioner's IAD motion (Docket No. 72) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing

2

Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

**SO ORDERED.**

Dated: July 12, 2017              __*s/Richard J. Arcara*_____
    Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE